Agron KRASNIQI, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General,[1] Respondent.

No. 07–1418–ag.

United States Court of Appeals,
Second Circuit.

March 16, 2009.

Grant C. Wright, Christophe & Associates, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director, Channah M. Farber, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Agron Krasniqi, a native and citizen of the former Republic of Yugoslavia, seeks review of the March 20, 2007 order of the BIA denying his motion to reopen. *In re Agron Krasniqi*, No. A78 719 302 (B.I.A. Mar. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Azmond Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). An alien seeking to reopen proceedings ordinarily must file a motion to

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

reopen within 90 days of the issuance of a final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Here, it is undisputed that Krasniqi's October 2006 motion to reopen was untimely where the BIA issued its final administrative order in his proceedings in May 2003.

■ Krasniqi's contention that the BIA should have granted his motion to reopen to allow him to apply for adjustment of status pursuant to *Matter of Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (B.I.A. 2002), is without merit. In that case, the BIA held that it may grant a "properly filed" motion to reopen for the purpose of applying for adjustment of status where a visa petition is pending and the motion meets five specific requirements. *See id.* The first of these requirements, that the motion be timely filed, has not been fulfilled in this case. *See id.*

■ Also without merit is Krasniqi's argument that the BIA violated his right to due process by failing to consider the "previously unobtainable and material evidence" that he submitted in support of his motion. Krasniqi did not have a constitutionally protected liberty or property interest in a grant of adjustment of status because it is a discretionary form of relief. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156–57 (2d Cir.2008). We lack jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen his proceedings despite the untimeliness of his motion. *See Azmond Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.